[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the defendant planning and zoning commission's approval of a resubdivision application proposed by the defendant New England Realty Co. of Southington, Inc. ("New England"). The plaintiffs are owners of property which abuts a portion of the land involved, and are thus aggrieved.
By application dated August 27, 1990 New England filed an application for a revision of a subdivision to a parcel of its property situated on the easterly side of Queen Street in the Town of Southington. This application sought to change an earlier subdivision which had already been approved. (Exhibit A). The earlier subdivision concerned land which is approximately 800 feet east of the land involved in this appeal.
When the earlier subdivision was approved, the Town of Southington received from New England a fifty-foot wide CT Page 10404 right-of-way leading from Queen Street to New England's subdivided property 800 feet to the East. It was contemplated that a road would be constructed thereon to be known as Interstate Park Drive. The present application sought to retain a strip of land within the right of way so that New England could place a sign thereon which would identify the location of a Home Depot store located on New England's subdivided land 800 feet away.
Although the application was entitled "Application for Revised Subdivision Approval," it was treated as a request for a resubdivision approval, and it was scheduled for a public hearing on September 18, 1990 in compliance with the resubdivision requirements set forth in Section 8-26 of the Connecticut General Statutes and section 4-12.1 of the Rules and Regulations Controlling Subdivision of Land of the Town of Southington. The legal notice stated "Application of New England Realty of Southington, Inc. proposing a resubdivision to allow a sign on Queen Street (S#940-RR)." (Exhibit K).
At the hearing New England, through its attorney, presented its proposal. (Exhibit G). The application provided for the creation of a strip of land to be retained by New England within the town right-of-way some 800 feet westerly of New England's subdivision land. It was proposed that a sign would be placed on the strip to identify the location of a Home Depot store located on New England's subdivided property. The Town would retain an easement over said strip.
At the September 18, 1990 public hearing the resubdivision application was fully heard. A resubdivision is defined in General Statutes section 8-26 as a "change in a map of an approved or recorded subdivision or resubdivision if such change (a) affects any street layout shown on such map, (b) affects any area reserved thereon for public use or (c) diminishes the size of any lot shown thereon and creates an additional building lot, if any of the lots shown thereon have been conveyed after the approval or recording of such map."
The plaintiffs through their attorney were given full opportunity to voice their objection to the application.
After the close of the public hearing Mr. Schneidermeyer, the Town Planner, circulated a memorandum dated September 25, 1990 (Exhibit F) to the members of the planning and zoning commission. In said memorandum he addressed the zoning regulations as they pertained to the size and placement of the sign. In response to said memorandum New England, through its attorney, wrote two letters to Mr. Schneidermeyer, one dated October 1, 1990 (Exhibit E) and the other dated October 2, 1990 (Exhibit C). These letters addressed the height, size CT Page 10405 and placement of the sign as they related to the zoning and subdivision regulations. New England agreed in the October 1st letter to decrease the height and size of the sign to be located on the reserved strip of land.
The Planning and Zoning Commission considered Mr. Schneidermeyer's memorandum and the two letters of New England's attorney at its meeting held on October 2, 1990. (Exhibit D). Also at that meeting, New England's attorney was asked a few questions concerning the size and height of the proposed sign as well as the location of the sign within the proposed strip.
The Commission voted to approve the resubdivision application, and the plaintiffs have raised a number of issues on this appeal.
First, they claim that the Commission acted illegally and arbitrarily by receiving additional evidence at the October 2nd meeting. New England, however, claims that the additional information received was not germane or relevant to the Commission's decision on the resubdivision application, that the size and location of the sign within the proposed reserved strip were all site plan considerations, and that the site plan approval process is separate and distinct from the resubdivision process. They state that while an application for resubdivision requires a public hearing, an application for site plan approval does not. It would appear to the court that the Commission did not act illegally in this regard. Regulations regarding the height, location and size of signs are found in sections 9 and 13 of the Zoning Regulations. Neither the General Statutes, the Zoning Regulations, nor the Subdivision Regulations require a public hearing in regard to height, size and location of signs.
Second, the plaintiffs claim that the Commission failed to adhere to its Regulations because it approved a plan which created an illegal lot. The application sought a 5' x 26' strip of land to be created, owned and maintained by New England.
Section 2-14 of the Subdivision Regulations defines a lot as "A plot or parcel of land occupied or capable of being occupied by one principal building determining the land use form and the accessory building, structures or uses customarily incident to it, including such open spaces as are required by the Zoning Regulations. A piece of land salable as a unit. . ." The court does not believe the 5' x 26' reserve strip is a lot within the meaning of the Southington Zoning Regulations or the Southington Subdivision Regulations because the strip of land CT Page 10406 is not capable of being occupied by a building. A "building" is defined as any structure having a roof and intended for the shelter, housing or enclosure of persons, animals, or materials. Any other structure more than eight feet high shall be considered as a building, excluding a public utility pole or flagpole." The proposed sign to be placed on the subject property will be eight feet or less in height, and thus does not fall within the definition of a building.
Third, the plaintiffs claim that the right-of-way of the street is illegal because Section 7-01.01 of the Subdivision Regulations provides that the width of the right-of-way of any street shall be not less than fifty (50) feet. Plaintiffs claim that in allowing the 5' x 26' strip to be created and owned by the applicant, the Commission decreased the width of the proposed Interstate Park Drive by five feet in contradiction to the Regulations. However, the Resubdivision Map (Exhibit P) states that the 5' x 26' reserve strip to be retained in fee by the owner of Lots #2 and #3 is "subject to Easement/Hold Harmless Agreement to the Town of Southington". The proposed terms of the Easement/Hold Harmless Agreement were disclosed to the Planning and Zoning Commission in a letter dated August 3, 1990 from New England's attorney. (Exhibit O). The easement to the Town of Southington is described in the letter as a "blanket easement. . .allowing the Town to utilize the strip of land on which the pylon sign is located for all purposes normally associated with public access land including, but not limited to, use as a snow shelf, use for location of public utilities, use for location of future public sidewalks, etc. (Exhibit O, p. 2, No. 3). Under the resubdivision plan, the owner of Lots #2 and #3 retains the fee in the 5' x 26' reserve strip but grants an easement over the reserve strip to the Town of Southington for public highway purposes. The Planning and Zoning Commission's control of the easement for highway purposes over the 5' x 26' reserve strip is nearly absolute. Inherent in that control is the ability to permit encroachments on the easement for public highway purposes that benefit the public welfare and which have little or no adverse impact on the public's use of the street. The sign will not interfere with existing sidewalks (Exhibit D, p. 15-16) nor is it to be located within the paved area of Interstate Park Drive. The sole authority to permit the placement of the sign on the 5' x 26' reserve strip rests with the zoning authorities of the Town of Southington. The plaintiff cannot say that the easement for public highway purposes over the 5' x 26' reserve strip reduces the right-of-way of Interstate Park Drive to under 50 feet. Of particular significance is the fact that the actual travelled portion (i.e. asphalt width) of the proposed Interstate Park Drive has not been reduced or altered in any way by means of the resubdivision plan. CT Page 10407
Fourth, the plaintiffs state that the proposed sign on the 5' x 26' strip is illegal. The Southington Zoning Regulations state that subdivision entrance signs 32 square feet in area shall be permitted in all zones when specifically approved by the Planning and Zoning Commission, upon issuance of a permit from the Zoning Enforcement Officer. Until a Zoning Enforcement Officer issues a permit and a proposed sign is specifically approved by the commission it is impossible to determine whether the proposed sign will be in compliance with the Zoning Regulations.
Accordingly, the appeal is dismissed.
FRANCES ALLEN SENIOR JUDGE